1  Joanna Ardalan (SBN 285384)
2  Email: jardalan@onellp.com
   **ONE LLP**
3  23 Corporate Plaza, Suite 150-105
   Newport Beach, CA 92660
4  Telephone: (310) 437-8665
   Facsimile: (310) 943-2085
5

6  *Attorney for Plaintiff,*
   *The Salt Horse Inc.*

7

8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

| THE SALT HORSE INC., a California corporation, | Case No. 8:26-cv-00395 |
|---|---|
| Plaintiff, | **COMPLAINT FOR:** <br> **(1) FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION (15 U.S.C. § 1125(a));** <br> **(2) UNFAIR COMPETITION (CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.*);** <br> **(3) COMMON LAW UNFAIR COMPETITION** |
| v. | |
| SLOWY'S LLC, a Nevada limited liability company; and DOES 1-10, inclusive, | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff The Salt Horse Inc., by and through its attorneys of record, complain against Defendants Slowy's LLC and Does 1 through 10, inclusive (collectively, "Defendants"), as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, unfair competition under Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and common law unfair competition.

2. This court has subject matter jurisdiction under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, 28 U.S.C. § 1331, 28 U.S.C. § 1338(a)-(b), and supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)-(c) and 28 U.S.C. § 1400(a), in that the claims arise in this judicial district and the injury suffered by Plaintiff took place in this judicial district.

## PARTIES

4. Plaintiff The Salt Horse Inc. ("The Salt Horse") is a corporation existing under the laws of California, with its principal place of business in Rancho Palos Verdes, California.

5. On information and belief, Slowy's LLC ("Slowy's") is a limited liability company existing under the laws of Nevada, with its principal place of business in Las Vegas, Nevada.

6. Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated here as a "Doe" is legally responsible in some manner for the events and happenings herein alleged and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

# FACTS COMMON TO ALL COUNTS

### *Plaintiff The Salt Horse and Its Extensive Use of Its Mark in Orange County and Beyond*

11. The Salt Horse was founded by Samantha Savage Breit, who is a visionary curator of food. Breit developed The Salt Horse brand and formed Plaintiff The Salt Horse. It has received extensive recognition, including throughout Orange County, and is instantly recognizable for its restaurant, food, and beverage services. It started in 2021 as a specialty grocery store called "The Salt Horse" that offered custom meals in addition to groceries. In February 2025, The Salt Horse pivoted and used and continues to use its mark in connection with providing curated pop-up restaurants at various venues. It has provided such services to Evenhouse, Organic Oren, Laguna Beach Art Museum, Cohn Health Institute, and Max Love Project, among many other popup restaurants at hotels and clubs all over Southern California. In addition, The Salt Horse uses its mark for curated culinary gift boxes that are sold throughout the United States.

12. Others have recognized the success of The Salt Horse and its contribution to the marketplace. The Salt Horse has received substantial media attention and has been featured in Orange Coast Magazine 'Best of Orange County', Laguna Beach Magazine, U.S. News, Locale Magazine, among others. The Salt Horse also received the Small Business of the Month Award by the State of California for its commitment to Laguna Beach, a city that is just a 15 minute drive from Defendant's restaurant.

13. The Salt Horse also has a wide range of farm partners who supply The Salt Horse with high quality ingredients. These partners include: Apricot Lane Farms, Andy's Orchard, Autonomy Harms, Achadinha Cheese Co., Beylik Farms, Bluebird Canyon Farms, Coleman Family Farms, County Line Harvest, Finley Family Farms, Flora Bella Farm, Frecker Farms, Friend's Ranches, Garcia Organize Farm, Her Produce, JG Berries, Jimenez Family Farm, K&K Ranch,

Lily's Eggs, Mendoza Farms, Milliken Family Farms, McGrath Farms, Mud Creek Ranch, Munak Ranch, Murray Farm, Patty Farms, Peads + Barnetts, Rosewood Farms, Regier Family Farms, Schaner Farm, Scott Farms, Suncoast Farms, Sunny Cal Farms, Tamai Family Farm, Tehachapi Grain Project, the Ecology Center, The Garden of, Tutti Frutti Farms, Two Peans in a Pod, Valdivia Farm, Weiser Family Farms, Windrose Farms, and Wong Farms.

13. The Salt Horse also has established relationships with specialty food and beverage purveyors including Farmshop, Three Little Pigs, bitos La Palma, Chef's Warehouse, Vesta Food Service, Graza, Fishwife, Sqirl LA, Sorella Collective, Gjusta Goods, Cookbook, Baltaire, Valerie Confections, Fine & Raw, Farmhouse Chocolates, Plymouth Cheese, Salt & Twine, Paso Almonds, Lady & Larder, Artisan Bread Bakery, among many others.

14. In addition to its extensive use of 'THE SALT HORSE' mark as a word mark, The Salt Horse has extensively used the design mark as shown in **Exhibit A**, in connection with the same restaurant, food, and beverage services, hereinafter "The Salt Horse Logo." The Salt Horse Logo features the words 'The Salt Horse' in a rainbow shape and stylized text.

### *Defendant and Its Infringing Use of Plaintiff's Marks and Its Intentional Spoliation of Highly Relevant Evidence of Actual Confusion*

15. On or around September 12, 2025, Slowy's opened its restaurant Salty Horse in Costa Mesa. It also began using a design mark which featured the words 'Salty Horse' in a rainbow shape and stylized text similar to The Salt Horse Logo. An example of Defendant's use of the logo is shown in Paragraph 22 herein.

16. In doing so, Defendants brazenly usurped The Salt Horse's trademarks, 'THE SALT HORSE' mark and The Salt Horse Logo, wholesale by naming their restaurant with an almost identical name, 'SALTY HORSE' and using an almost identical logo. This unlawful exploitation of The Salt Horse's trademarks has deceived and continues to deceive consumers and cause actual confusion among

4
**COMPLAINT**

consumers, who believe the source and/or sponsorship of the Defendants' services and products are The Salt Horse.

17. In addition to Defendants' use of The Salt Horse's trademarks, Defendants brazenly copied distinctive elements of The Salt Horse's interior design, all of which were designed by Ms. Breit. Among other things, Defendants copied The Salt Horse's use of mismatched, distressed wood furniture, accent cacti, and decorative umbrellas, all of which supported the "farm-to-table" theme developed by Ms. Breit.

18. On or around September 24, 2025, Ms. Breit learned of Defendant and its use of The Salt Horse's intellectual property rights. Even before hiring counsel, on September 24, 2025, she gave immediate notice to Slowy's that it infringed on Plaintiff The Salt Horse's trademark rights and demanded that Defendant cease its unlawful use. The letter expressly stated that the correspondence "serves as a direct notice that your actions constitute trademark infringement, unfair competition, and brand dilution" and explained that if the parties are unable to resolve the dispute without litigation, "Salty Horse' will leave [The Salt Horse] with no choice but to pursue all available legal remedies to protect my brand."

19. After receipt of Ms. Breit's demand and taking advantage of the fact that The Salt Horse was not yet represented by counsel, Salty Horse raced to the United States Patent and Trademark Office and filed a trademark application for 'SALTY HORSE' at 10:53 PM Eastern on September 24, 2025. The mark was registered in connection with "restaurant services" and represented that its date of first use was September 12, 2025. The trademark application, serial number 99411496 was filed by Slowy's counsel, Phillip Free.

20. Mr. Free responded to Ms. Breit's correspondence on or around October 8, 2025. In response, on October 10, 2025, Ms. Breit requested in writing, that Slowy's "confirm that a litigation hold has been implemented to preserve all relevant communications, records, and marketing materials." Ms. Breit did not

receive a confirmation from Slowy's regarding the litigation hold in response to this correspondence.

21. Stunningly, Salty Horse knowingly and intentionally spoliated evidence that demonstrates actual confusion between the parties. There is no doubt that Salty Horse had notice of this dispute and was expressly told the preserve documents before the spoliation.

22. For example, on October 16, 2025, Defendant Salty Horse published the following post on its Instagram, which it alone controls:



6
**COMPLAINT**

23. A third party Instagram user posted a comment in response to the October 16, 2025 post. The user stated "Is this the same as @thesalthorse?"

24. Knowing that this comment was evidence of actual confusion, Defendants knowingly and willfully deleted it so that it could not be readily discovered by Plaintiff. Below are screenshots of the same post and its comments, which does not include the deleted comment. Attached as **Exhibit B** is a copy of the same post, but enlarged with "all replies" shown, so that the Court can more easily read each of the comments.



///
///
///



25. Plaintiff is informed and believes that Defendants deleted other evidence of actual confusion. Therefore, Plaintiff requests that the Court issue an immediate Order to Show Cause on spoliation so that the parties can address this important evidentiary issue and whether there is an evidentiary solution for it, and, if not, what the consequence should be for the remainder of the case. Plaintiff's counsel has already notified Mr. Free of the spoliation and requested, among other things, screenshots of any evidence that has been destroyed. While Slowy's responded to the correspondence, it did not address whether any screenshots exist and it has not produced any screenshots to Plaintiff. Plaintiff believes and is informed that Defendants deleted numerous posts which evidence actual confusion and intentionally has no record of the same.

## FIRST CAUSE OF ACTION

### (False Designation of Origin/Unfair Competition, 15 U.S.C. § 1125(a))

### (By Plaintiff against All Defendants)

26. Plaintiff The Salt Horse incorporates by reference the allegations in paragraphs 1 through 25 above as though fully set forth herein.

27. 'THE SALT HORSE' wordmark and The Salt Horse Logo design-mark (the "Marks") are used in interstate commerce by Plaintiff and are inherently distinctive and/or have acquired distinctiveness by virtue of becoming associated in the minds of consumers with The Salt Horse and its respective goods and services such that they identify The Salt Horse's goods and services from those of others.

28. The Salt Horse has priority rights in the Marks and over all other individuals or entities, including Defendants.

29. Defendants have intentionally caused to enter into interstate commerce a restaurant called Salty Horse for restaurant services that is likely to cause confusion with The Salt Horse and its goods and services and, in fact, has caused actual confusion with the consuming public.

30. Defendants have made unauthorized use of the Marks or colorable imitations thereof (and/or have knowingly encouraged, induced, materially contributed to and/or facilitated the same and/or have financially benefited therefrom while possessing the right and ability to control the same) in a manner constituting false designation of origin, which is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of Defendants with The Salt Horse or as to the origin, sponsorship, or approval by The Salt Horse of Defendants' goods, services or commercial activities, in violation of 15 U.S.C. § 1125(a), thereby infringing Plaintiff's Marks directly, vicariously and/or contributorily.

31. Defendants' use of the Marks enables Defendants to benefit unfairly from Plaintiff's reputation and success, thereby giving Defendants sales and commercial value they otherwise would not have.

32. Prior to Defendants' first use of the infringing Marks, Defendants were aware of Plaintiff's business and had either actual notice and knowledge of The Salt Horse's extensive common law rights related to the Marks.

33. As such, Defendants actions have been and continue to be intentional, willful and without regard to Plaintiff's rights, with an intent to cause confusion, to cause mistake, and to deceive, and to cause injury to the reputation and goodwill associated with The Salt Horse.

34. The Salt Horse is informed and believes, and based thereon alleges, that as a proximate result of Defendants' false designation of origin, Defendants stand to make substantial sales and profits in amounts to be established according to proof.

35. The Salt Horse will suffer and is suffering irreparable harm from Defendants' infringement of their Marks and, among other things, The Salt Horse's invaluable goodwill is being eroded by Defendants' continuing infringement. The Salt Horse has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers and goodwill flowing from the Defendant's infringing activities and, unless restrained by this Court, Defendants will continue to designate falsely the origin of their goods, causing irreparable damage to Plaintiff. Pecuniary compensation will not afford The Salt Horse adequate relief for its resulting damages. Further, Plaintiff is informed and believes, and based thereon alleges, that in the absence of injunctive relief, customers are likely to continue being mistaken or deceived as to the true source, origin, sponsorship, and affiliation of Defendants' goods and services. As such, The Salt Horse is entitled to an injunction against Defendants' continuing infringement.

36. Because Defendants' actions have been committed with intent to damage The Salt Horse and to confuse and deceive the public, The Salt Horse is entitled to treble its actual damages or Defendants' profits, whichever is greater, and to an award of costs and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and § 1117(b).

## SECOND CAUSE OF ACTION

**(Unfair Competition, Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

**(By Plaintiff against All Defendants)**

37. Plaintiffs incorporate by reference the allegations in paragraphs 1 36 above as though fully set forth herein.

38. Defendants' conduct as alleged herein constitutes unfair and deceptive acts or practices in the course of a business, trade, or in commerce, in violation of Cal. Bus. & Prof. Code §§ 17200 and 17500 *et seq*.

39. Plaintiff is informed and believes, and based thereon alleges, that, as a direct and proximate result of Defendants' wrongful conduct as described above, Defendants have gained property and revenues properly belonging to The Salt Horse. The Salt Horse therefore seeks restitution of these amounts.

39. Since The Salt Horse has no adequate remedy at law for Defendants' continuing violation of The Salt Horse's rights, it also seeks injunctive relief restraining Defendants, their officers, agents, and employees, and all persons acting in concert with them from further engaging in acts of unfair competition and/or fraudulent business acts against The Salt Horse and its intellectual property.

## THIRD CAUSE OF ACTION

**(Common Law Unfair Competition)**

**(By Plaintiff Against All Defendants)**

40. Plaintiff incorporates by reference the allegations in paragraphs 1 through 39 above as though fully set forth herein.

41. Upon information and belief, Defendants will continue to infringe The Salt Horse Marks.

42. The acts of Defendants complained of herein constitute acts of unfair competition against Plaintiffs under the common law of the State of California, which acts have been committed knowingly and willfully and have injured Plaintiffs in their trade and business.

43. By the acts and activities of Defendants complained of herein, Defendants have been unjustly enriched.

44. As a direct and proximate result of the acts and activities of Defendants complained of herein, Plaintiff has been damaged in an amount not yet ascertainable.

45. Plaintiff is informed and believe, and based thereon allege, that Defendants, in doing the things herein alleged, acted willfully, maliciously, and oppressively, with full knowledge of the adverse effect of their actions on Plaintiff, and with willful and deliberate disregard for the consequences to Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For an Order to Show Cause on the issue of spoliation and any such remedies the Court finds appropriate in response to a finding of the same;

2. For actual damages suffered by Plaintiff as a result of Defendants' unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

3. For reasonable funds for future corrective advertising to remediate Defendants' unlawful conduct;

4. For disgorgement to Plaintiff of all gains, profits, property and advantages derived by Defendants from their unlawful conduct and an accounting of said gains, profits, property and advantages pursuant, inter alia, to 15 U.S.C. § 1117;

5. For trebling of any damages awarded, pursuant to 15 U.S.C. § 1117;

6. For restitution in an amount to be proven at trial for unfair, fraudulent, and illegal business practices under Cal. Bus. & Prof. Code §§ 17200 *et seq.* and any other applicable law;

7. For damages in an amount to be proven at trial for unjust enrichment under California's common law unfair competition law;

8. For exemplary and punitive damages to deter any further willful misconduct for common law unfair competition and as otherwise allowed by law;

9. For prejudgment interest as allowed by law;

10. For costs of suit incurred as allowed by law;

11. For reasonable attorneys' fees as allowed by law;

12. For an order preliminarily and permanently enjoining Defendants and their agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concert or participation with them and each of them from directly or indirectly infringing Plaintiff's Marks, or using any other product designations similar to or likely to cause confusion with plaintiffs' Marks from the import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the unauthorized products, services, trade dress or trademarks as identified in this Complaint; from passing off Defendants' products as being associated with, sponsored by, and/or affiliated with Plaintiff; from directly or indirectly filing any foreign, or domestic, state or federal, trademark application(s) for SALTY HORSE, or any substantially similar mark in any jurisdiction; from committing any other unfair business practices directed toward usurping for themselves the goodwill, business and customers of Plaintiff; and from committing any other unfair business practices that devalue or diminish the brand, goodwill or business of Plaintiffs;

13. For an order directing the Commissioner of Trademarks to abandon Defendant's application for SALTY HORSE, Serial No. 99411496, with prejudice;

14. For an order pursuant to 15 U.S.C. § 1116(a) directing Defendants to file with the court and serve on Plaintiffs within thirty (30) days after issuance of an injunction a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction; and,

15. For such other and further relief as the Court may deem just and equitable.

Dated: February 21, 2026

**ONE LLP**

By: */s/ Joanna Ardalan*
    Joanna Ardalan

*Attorneys for Plaintiff,
The Salt Horse Inc.*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all claims and all issues so triable.

Dated:  February 21, 2026              **ONE LLP**

By: */s/ Joanna Ardalan*
     Joanna Ardalan

*Attorneys for Plaintiff,*
*The Salt Horse Inc.*

**COMPLAINT**